Lewis SWEETENBURG and Beryl Sweetenburg, Appellants,

v.

UNITED SECURITIES CORPORATION, Appellee.

No. 3504.

District of Columbia Court of Appeals.

Argued June 29, 1964.

Decided Oct. 14, 1964.

R. R. Curry, Washington, D. C., for appellants.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This appeal is from an order vacating an order which had vacated a default judgment. The facts as disclosed by the record show the following. Appellee sued appellants for an alleged deficiency under a promissory note secured by a conditional bill of sale. A default was taken against appellants for failure to answer, and thereafter on ex parte proof default judgment was entered. Sometime later appellants moved to vacate the judgment. When the motion came on for hearing appellee's counsel failed to appear and the motion was granted. This occurred on June 17, 1963. During the next six months both parties filed various pleadings, and the case appeared ready for trial.

In January 1964 appellee moved to reconsider the vacation of the default judgment and to reinstate it. The motion alleged that counsel's failure to appear and oppose the motion to vacate the judgment was due to inadvertence. The trial court granted the motion and entered an order vacating vacation of the default judgment and reinstating the judgment. At the same time the court granted appellants leave to file a new motion to vacate the default judgment. Appellants did not file such a motion but, instead, moved for reconsideration of the order reinstating the default judgment. This appeal followed denial of that motion.

The motion of January 1964 sought relief from the order of June 1963 which had vacated the default judgment. The motion asserted that the order vacating the judgment had been entered without a hearing on the merits "in view of the inadvertent non-appearance" of appellee's counsel. Rule 60(b) of the trial court provides that such a motion shall be made within a reasonable time and not more than three months after the order had been entered.[1] Here the motion was not made until over six months after entry of the order. Furthermore the motion was not made within a reasonable time. Appellee of course knew the default judgment had been set aside, because appellants filed an answer and counterclaim, as well as interrogatories. Appellee filed answers to the interrogatories and an answer to the counterclaim, and then waited three more months before attacking the June 1963 order. The attack came too late.

The order reinstating the default judgment is reversed, and the case remanded for trial on the merits.

---

[1] Rule 60(b) relates only to final judgments, orders and proceedings; and while an order vacating a default judgment is ordinarily not final in the sense that it is appealable, we think it was final within the meaning of the rule as it effectively vacated the prior judgment and gave appellants the right to contest the claim on its merits.